UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------X

THE TRAVELERS INDEMNITY COMPANY,

                                                                                                                 Civil Action No.

                          Plaintiff,

-against-

CENTRAL MUTUAL INSURANCE COMPANY,

                          Defendant.

-------------------------------------------------------------------X

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, CENTRAL MUTUAL INSURANCE COMPANY ("Central Mutual"), alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to Gilbane Building Company ("Gilbane") in a lawsuit entitled *Carl Hosea v. Gilbane Building Company.* currently pending in the Superior Court Department for Suffolk County bearing civil action number 2284-CV-00861 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Central Mutual is obligated to defend and indemnity Gilbane in the Underlying Action, as an additional insured under a policy of insurance issued by Central Mutual, on a primary and non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Gilbane in said action.

### Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed

1

and authorized to write insurance and conduct business in the State of Massachusetts with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Central Mutual was and is an Ohio corporation with a principal place of business in Van Wert, Ohio.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. In the Underlying Action, Carl Hosea (the "Claimant") seeks to recover for alleged personal injuries to his left knee requiring surgical repair consisting of a total knee replacement. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Central Mutual.

9. Plaintiff Travelers has no adequate remedy at law.

## Policies

10. Upon information and belief, Defendant Central Mutual issued to Wellington Sales & Installation Company Inc. ("Wellington") a policy of Commercial General Liability insurance bearing policy number CLP8115755 with effective dates of 11/17/18 to 11/17/19 (the "Central Mutual Policy").

11. Upon information and belief, subject to certain terms, conditions, and exclusions, the Central Mutual Policy generally provides coverage for bodily injury that takes place during the

policy period and is caused by an accident.

12. Upon information and belief, the Central Mutual Policy contains a General Liability Plus Endorsement (8-1889 07 14) that provides, in relevant part:

**B. Additional Insured - Owners, Lessees, or Contractors - Automatic Status (not applicable to Employee Benefits Liability Coverage)**

**1.** Section **II** - Who Is An Insured is amended to include as an additional insured any person or
organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy and any other person or organization you are required to add as an additional insured under the contract or agreement. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:
**a.** Your acts or omissions; or
**b.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

Except as provided for in the exception to **2.b.** below, a person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

13. The Central Mutual Policy further contains a Primary and Noncontributory – Other Insurance Condition endorsement (CG2001 04 13) that provides, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:
**Primary And Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

**(1)** The additional insured is a Named Insured under such other insurance; and

3

**(2)** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

14. Upon information and belief, the Central Mutual Policy provides coverage to Gilbane as an additional insured on a primary and non-contributory basis.

15. Travelers issued to Gilbane a policy of Commercial General Liability insurance bearing policy number VTC2K-CO-2E970978-IND-19 with effective dates of 6/30/19 to 6/30/20 (the "Travelers Policy").

16. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## Background Facts

18. On April 29, 2019, Delaware North Boston ("Owner") hired Gilbane to serve as construction manager for a re-seating project located at TD Garden, 100 Legends Way, Boston, MA 02210 (the "Project").

19. On May 8, 2019, Gilbane hired Wellington to perform seat removal and installation work at the Project (the "Subcontract").

20. Pursuant to the Subcontract, Wellington agreed to procure and maintain commercial general liability insurance naming Gilbane as an additional insured on a primary and non-contributory basis.

21.     Pursuant to the Subcontract, Wellington further agreed to adhere to the federal Occupational Safety and Health Act ("OSHA"), state and local safety regulations, and Gilbane's safety and health program.

22.     In the Underlying Action, the Claimant alleges that, on July 15, 2019, he was working in the course and scope of his employment as a carpenter for Wellington when he was caused to slip and fall on debris left in his work area at the Project and sustained injuries.

23.     In the Underlying Action, the Claimant alleges that Gilbane had a duty to keep the worksite in a reasonably safe condition and breached said duty by failing to clean, clear and/or warn of debris that created a slip and/or trip hazard on the Project.

24.     Travelers is defending Gilbane in connection with the Underlying Action.

25.     In the Underlying Action, the Claimants seeks to impose liability on Gilbane for alleged bodily injury which was caused, in whole or in part, by the acts or omissions of Wellington or those acting on Wellington's behalf.

**Tenders to Central Mutual**

26.     By letter correspondence dated July 15, 2022, Travelers tendered the defense and indemnity of Gilbane to Central Mutual.

27.     By email correspondence dated June 6, 2023 and June 12, 2024, Travelers retendered the defense and indemnity of Gilbane to Central Mutual.

28.     To date, Central Mutual has failed and refused to accept the defense and indemnity of Gilbane in connection with the Underlying Action.

29.     Accordingly, Travelers seeks a declaration that Central Mutual has an obligation to defend and indemnify Gilbane as an additional insured; that the coverage provided by the Central Mutual Policy is primary; and that Travelers' obligation to Gilbane in

the Underlying Action is excess to proper exhaustion and full payment of the limits of the Central Mutual Policy.

30. In addition, Travelers seeks an award at law and equity against Central Mutual for recovery of all sums Travelers has incurred and continues to incur in the defense of Gilbane in the Underlying Action because the coverage provided by the Central Mutual Policy is primary to any coverage provided by Travelers.

## **Claim for Declaratory Relief**

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Central Mutual Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Central Mutual Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the Central Mutual Policy.

4. Declaring that Central Mutual owes a duty to defend Gilbane in connection with the Underlying Action.

5. Declaring that Central Mutual owes a duty to indemnify Gilbane in connection with the Underlying Action.

6. Declaring that Central Mutual's coverage obligation to Gilbane in connection with the Underlying Action is primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy is excess to those of Central Mutual with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Central Mutual with respect to Central Mutual's duty to defend and indemnify Gilbane in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Central Mutual for all sums Travelers has paid in defending Gilbane as to the Underlying Action.

10. Granting such other and further relief as the Court may deem just and proper.


Dated: February 6, 2026
Hartford, CT

                                   USERY & ASSOCIATES

                                   By:     /s/Logan A. Carducci
                                   Logan A. Carducci, Esq.
                                   *Attorneys for Plaintiff—*
                                   *The Travelers Indemnity Company*
                                   Direct: 917.778.6680
                                   Fax: 844.571.3789
                                   Email: lcarducc@travelers.com

                                   <u>Please address all correspondence sent by mail to:</u>
                                   P.O. Box 2996
                                   Hartford, CT 06104-2996

                                   <u>Physical Address</u>:
                                   485 Lexington Avenue, 6th Floor
                                   New York NY 10017